# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

**June 11, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 17-0488** (Upshur County 12-F-17)

**Howard Clarence Jenner,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Howard Clarence Jenner, by counsel Harry A. Smith III, appeals the Circuit Court of Upshur County's April 28, 2017, order denying his motion for a new trial. Respondent State of West Virginia, by counsel Benjamin F. Yancey III, filed a response. On appeal, petitioner contends that the circuit court erred in denying his motion for a new trial where a juror purportedly had inappropriate contact with witnesses at his trial.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2012, petitioner's aunt, Beni Truax, was shot and murdered in her front yard. Following the sound of a gunshot, Sherman Truax, Ms. Truax's husband and petitioner's uncle, stepped outside of his home and was shot in the wrist. Mr. Truax, who identified his nephew as the shooter, called 9-1-1. Petitioner was eventually apprehended and later indicted for one count of first-degree murder, one count of attempted first-degree murder, and one count of malicious assault. Petitioner's trial commenced on April 21, 2014, and the jury convicted him of all three charges. The jury also recommended a verdict of no mercy as to the murder conviction.

On August 4, 2014, the parties appeared for a post-trial motions and sentencing hearing. Among other post-trial motions, petitioner moved for a new trial on the ground of alleged juror misconduct. Based upon this assertion, the circuit court conducted a *Remmer* hearing.[1] In support of petitioner's assertion of juror misconduct, petitioner's sister, Elizabeth Grindstaff, and mother, Mary Branham, testified that during recesses in the trial, they observed Mr. Truax and his son

---

[1]Named after the United States Supreme Court's decision in *Remmer v. United States*, 347 U.S. 227, 74 S.Ct. 450, 98 L.Ed. 654 (1954), such hearings are conducted to determine whether any contact with a juror was prejudicial.

1

speaking with a woman they later learned was a juror at petitioner's trial.[2] Although Ms. Grindstaff and Ms. Branham admitted that they had not overheard any conversations, petitioner nonetheless argued that the interactions constituted improper extrinsic influence on the juror, who was identified as Diana Crites. The circuit court denied petitioner's request to take testimony from Juror Crites, however.

The State presented testimony at this hearing from a victim advocate, Laura Queen, who was employed in the prosecutor's office. Ms. Queen's responsibilities include escorting victims around the courthouse during trial, and she testified that she never saw Mr. Truax speak with any juror.

After considering this evidence, the circuit court found that petitioner had failed to present clear and convincing evidence of any juror misconduct. It denied petitioner's motion for a new trial and proceeded to sentence him to life imprisonment without the possibility of parole for his first-degree murder conviction, to three years to fifteen years of incarceration for his attempted murder conviction, and to two years to ten years of incarceration for his malicious assault conviction.

Following sentencing, petitioner filed a direct appeal with this Court. *See State v. Jenner*, 236 W.Va. 406, 780 S.E.2d 762 (2015). Among other asserted errors, petitioner argued that the circuit court erred in denying his motion for a new trial on the ground of juror misconduct. We concluded that sufficient evidence existed to support petitioner's convictions and found no merit to his claims of trial error, but we conditionally affirmed his conviction and remanded the case to the circuit court for an additional *Remmer* hearing. *Id.* at 420, 780 S.E.2d at 776. We directed that the circuit court permit petitioner to subpoena Juror Crites and elicit testimony from her regarding any communications she may have had with Mr. Truax or his son. *Id.* at 419, 780 S.E.2d at 775.

In accordance with *Jenner*, the circuit court conducted an additional *Remmer* hearing on April 13, 2017. Juror Crites testified at this hearing that she never spoke with Mr. Truax, Mr. Truax's son, or any other witness at petitioner's trial. Juror Crites stated that neither Mr. Truax nor his son were present when she took her smoke breaks and that she did not speak with anyone who was not a juror except for one woman who asked her for a cigarette lighter. Finally, Juror Crites testified that she fully complied with her juror oath. The circuit court denied petitioner's motion for a new trial finding that Juror Crites did not communicate with Mr. Truax, his son, or any other witness in petitioner's trial; that Juror Crites did not engage in any juror misconduct; and that Ms. Grindstaff and Ms. Branham's testimony, of which the circuit court took judicial notice, was not credible based upon their familial relationship with petitioner. These findings were memorialized in an order entered on April 28, 2017, and it is from this order that petitioner appeals.

---

[2]Because they had been listed as potential witnesses, these individuals were not present in the courtroom during petitioner's trial. Once permitted in the courtroom to hear the jury's verdict, these individuals stated that they realized Mr. Truax had been speaking with a juror.

On appeal, petitioner argues that the circuit court erred in denying his motion for a new trial based upon juror misconduct. Petitioner argues that Juror Crites's contact with Mr. Truax "violates every principle of fairness available to a criminal defendant, notwithstanding the content of any conversations between the juror and Mr. Truax." Petitioner states that

> [i]t is hard to imagine a scenario more prejudicial to a [d]efendant than to have one of his jurors socializing, during trial, with the victim of the alleged crimes of attempted murder and malicious assault, a victim who is also the grieving husband of a woman allegedly murdered by the [petitioner].

Petitioner submits that prejudice and bias must be presumed following the contact between Juror Crites and Mr. Truax.

Petitioner also takes issue with the fact that the circuit court found that Ms. Grindstaff and Ms. Branham testified truthfully during the first hearing, but retreated from that finding after Juror Crites testified. Petitioner contends that Juror Crites's testimony should have been viewed skeptically because she was "on the hot seat." Petitioner concludes that he is entitled to a new trial because any communications between Juror Crites and Mr. Truax were improper, violative of the circuit court's instructions, and inherently prejudicial.

We apply the following standard of review to a circuit court's denial of a motion for a new trial:

> In reviewing challenges to findings and rulings made by a circuit court, we apply a two-pronged deferential standard of review. We review the rulings of the circuit court concerning a new trial and its conclusion as to the existence of reversible error under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a de novo review.

*Id.* at 413, 780 S.E.2d at 769 (citation omitted). Additionally,

> [a] motion for a new trial on the ground of the misconduct of a jury is addressed to the sound discretion of the court, which as a rule will not be disturbed on appeal where it appears that defendant was not injured by the misconduct or influence complained of. The question as to whether or not a juror has been subjected to improper influence affecting the verdict, is a fact primarily to be determined by the trial judge from the circumstances, which must be clear and convincing to require a new trial, proof of mere opportunity to influence the jury being insufficient.

Syl. Pt. 1, *State v. Sutphin*, 195 W.Va. 551, 466 S.E.2d 402 (1995) (citation omitted). Finally,

> [i]n the absence of any evidence that an interested party induced juror misconduct, no jury verdict will be reversed on the ground of juror misconduct unless the defendant proves by clear and convincing evidence that the misconduct

has prejudiced the defendant to the extent that the defendant has not received a fair trial.

*Id.* at 554, 466 S.E.2d at 405, Syl. Pt. 3.

> In petitioner's direct appeal, we recounted that the circuit court
>
> expressed doubt about the credibility and motivation of Ms. Grindstaff and Ms. Branham. Not only are they close family members of the petitioner, they asserted so many instances of misconduct that the court found their claims to be suspect. The court concluded that, at most, the petitioner established the mere opportunity to influence a juror[,] which . . . is insufficient to prove juror misconduct.

*Jenner*, 236 W.Va. at 418, 780 S.E.2d at 774.[3] We were left with a concern, however, "that the circuit court rejected the allegations without hearing from any of the people who allegedly engaged in the conduct," and we were, therefore, unable to confirm the circuit court's conclusions on the record then before us. *Id.* at 418-19, 780 S.E.2d at 774-75. Consequently, the circuit court was directed to allow petitioner to subpoena and take testimony from Juror Crites, but we also instructed that "[i]f the evidence on remand confirms the circuit court's previous conclusion that no jury misconduct was proven, then the circuit court should reaffirm its denial of the motion for a new trial." *Id.* at 420, 780 S.E.2d at 776. Juror Crites testified unequivocally that she did not speak with Mr. Truax or his son during trial recesses and that she complied with the oath administered at trial. In short, the only evidence adduced at this additional *Remmer* hearing supported the circuit court's earlier conclusion that petitioner failed to prove jury misconduct. Accordingly, we find no error in the circuit court's denial of petitioner's motion for a new trial.

For the foregoing reasons, the circuit court's April 28, 2017, order denying petitioner's motion for a new trial is hereby affirmed.

Affirmed.

**ISSUED**: June 11, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

Justice Loughry, Allen H., II suspended and therefore not participating.

---

[3]The circuit court's findings in this regard contradict petitioner's assertion that the circuit court did not question these individuals' truthfulness or motivation for asserting the claim of juror misconduct following the first *Remmer* hearing.

4